Filed 12/10/21  P. v. Bingley CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>CHRISTOPHER BINGLEY,<br><br>　　　Defendant and Appellant. | B311246<br><br>(Los Angeles County Super. Ct. No. BA282901) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Amanda V. Lopez and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

More than a decade ago, Defendant Christopher Bingley (defendant) was convicted of voluntary manslaughter and second degree robbery. More recently, defendant filed a petition seeking vacatur of his manslaughter conviction pursuant to Penal Code section 1170.95.[1] The trial court denied the petition, and that was the correct result at the time. But the Legislature since has passed and the Governor has signed Senate Bill No. 775 (2020-2021 Reg. Sess.) (SB 775), which will take effect on January 1, 2022. SB 775 amends section 1170.95 in various ways, and the most significant for our purposes is an amendment that expressly permits defendants convicted of manslaughter, not just murder, to seek relief. (Stats. 2021, ch. 551, § 2.) The Attorney General concedes the trial court's order should be reversed and remanded for further proceedings in the trial court after SB 775 takes effect, and that is what we shall do after a short explanation of the facts, procedure, and law.

Defendant and two other individuals robbed a video game store in 2004. During the course of the robbery, one of defendant's accomplices shot and killed a store customer. In lieu of trial, defendant pled guilty to voluntary manslaughter and second degree robbery. He was sentenced to 14 years in prison and has since been released from custody.

In 2020, defendant submitted a petition to the trial court requesting resentencing under section 1170.95. Defendant checked boxes on his petition indicating the charges against him were such that the prosecution could have proceeded under a felony murder theory of liability and defendant pled guilty to manslaughter in lieu of trial where he could have been convicted

_____

[1] Undesignated statutory references that follow are to the Penal Code.

of murder.[2] Via another checked box, defendant requested appointment of counsel.

The trial court denied defendant's petition without first appointing counsel. Defendant appealed the denial, and the Attorney General argued (before passage of SB 775) that it was error to refuse to appoint counsel but the error was harmless because section 1170.95 relief is available only to defendants convicted of murder, not manslaughter. (See, e.g., *People v. Flores* (2020) 44 Cal.App.5th 985, 992-995 [those who pled guilty to manslaughter, not murder, are not eligible for section 1170.95 relief]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 [same].)

After passage of SB 775, however, we invited the parties to submit supplemental briefs addressing the impact SB 775 may have on this appeal. Defendant argues the sole issue presented in the appeal is resolved by SB 775 because that law "'[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' (Sen. Bill No. 775 (2020-2021 Reg. Sess.) at § 1(a).)" The Attorney General, in his supplemental brief, agrees with the bottom line: "A Senate Bill 775 claim is technically not ripe for adjudication because the statutory amendments to section 1170.95 will not take effect until January 1, 2022. [Citation.] However, . . . [SB] 775 makes material changes to the law of

---

[2] References in the form petition to first degree or second degree murder were crossed out and "manslaughter"—accompanied by defendant's initials indicating a change—was inserted in place thereof.

section 1170.95 which, under the circumstances of this case, affect how appellant's petition should be adjudicated. Thus, even if the judgment denying his petition were affirmed now under the old law, appellant will be permitted to file a new petition after [SB] 775 takes effect on January 1, 2022. For this reason, there is no utility in adjudicating this appeal under the old law, only for appellant to initiate new section 1170.95 proceedings in several months. As a matter of judicial efficiency, this Court should therefore reverse the judgment and remand for further proceedings . . . ."

It is accordingly obvious that there is little if anything that is left in dispute in this appeal in light of passage of SB 775. Whether because defendant would be entitled to retroactive application of the amendments SB 775 makes to section 1170.95 (see generally *In re Estrada* (1965) 63 Cal.2d 740, 744-745; see also *People v. Vieira* (2005) 35 Cal.4th 264, 306), which is defendant's view, or because defendant would be entitled to file a new section 1170.95 petition in light of SB 775's changes, which is the Attorney General's view, it is clear defendant is entitled to benefit from enactment of SB 775. We shall accordingly reverse the order under review and remand for further proceedings after SB 775 takes effect.

4

DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the cause is remanded with directions to appoint counsel for defendant, to permit the filing of an amended section 1170.95 petition if appointed counsel so chooses, and to conduct further proceedings, on or after January 2, 2022, consistent with section 1170.95, subdivision (c).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.